NEW ALLIANCE PARTY, Rafael Mendez, Joan Brown, Frederica Shields and Ann Stevens, Plaintiffs,

v.

BOARD OF ELECTIONS IN the CITY OF NEW YORK, George Friedman, as Chairperson to the Bronx County Democratic Organization, Howard Golden, as Chairperson of the Kings County Democratic Organization, Hector Diaz, Albert Vann, Rhoda Jacobs, John Osterman, as Special Election Referee for the Supreme Court of the State of New York, Bronx County, Fred W. Eggert, Justice of the Supreme Court of the State of New York, Bronx County, Herbert Kramer, Justice of the Supreme Court of the State of New York, Kings County, Julius Vinik, Justice of the Supreme Court of the State of New York, Kings County, Theodore R. Kupferman, David Ross, Bentley Kassal, Betty Weinberg Ellerin and George Bundy Smith, as Justices of the Appellate Division of the Supreme Court of the State of New York for the First Judicial Department, Lawrence J. Bracken, Isaac Rubin, Stanley Hardwood, Albert M. Rosenblatt and Sondra Miller, as Justices of the Appellate Division of the Supreme Court of the State of New York for the Second Judicial Department, Sol Wachtler, Richard D. Simons, Judith S. Kaye, Fritz W. Alexander II, Vito J. Titone, Stewart F. Hancock, Jr. and Joseph W. Bellacosa, as Judges of the Court of Appeals of the State of New York, Defendants.

No. 90 Civ. 5696(RWS).

United States District Court,
S.D. New York.

March 29, 1991.

International Peoples Law Institution (Gary Sinawski, Harry Kresky, of counsel), New York City, for plaintiffs.

Dublirer, Haydon, Straci & Victor (Paul A. Victor, of counsel), for defendant George Friedman.

## OPINION

SWEET, District Judge.

Defendant George Friedman ("Friedman") has moved for an order granting him reasonable expenses incurred in the defense of this action, including sanctions and attorneys' fees, pursuant to 42 U.S.C. § 1988 and Rule 11, Fed.R.Civ.P. For the reasons set forth below, the motion is granted in part and denied in part.

*The Parties*

The plaintiff in the underlying action is the New Alliance Party ("NAP"), an unincorporated association and political party seeking permanent ballot status in the State of New York. Plaintiff Raphael Mendez ("Mendez") was a candidate for the nomination of the Democratic Party from the 74th Assembly District in the County of Bronx in the City and State of New York. Plaintiffs Joan Brown ("Brown"), Frederica Shields ("Shields"), and Ann Stevens ("Stevens") are voters in the 42nd, 74th, and 56th Assembly Districts, respectively, in the City and State of New York.

Defendant Board of Elections in the City of New York (the "Board") is the entity responsible for administering elections in the City of New York and in the counties of Bronx and Kings therein.

Friedman is the Chairman of the Bronx County Democratic Party. Defendant Howard Golden ("Golden") is chairman of the Kings County Democratic Party. Defendants Hector Diaz ("Diaz"), Albert Vann ("Vann") and Rhoda Jacobs ("Jacobs") were the incumbent Assemblymen from the 74th Assembly District in Bronx County, the 42nd Assembly District in Kings County, and the 42nd Assembly District in Kings County, respectively, and candidates in the Democratic Primary on September 11, 1990.

Defendant John Osterman ("Osterman") is a Special Referee appointed by the Supreme Court of the State of New York, Bronx County.

Defendant Fred W. Eggert ("Eggert") is a Justice of the Supreme Court of New York, Bronx County.

Defendant Herbert Kramer ("Kramer") and Julius Vinik ("Vinik") are Justices of the Supreme Court of the State of New York, County of Kings.

Defendants Theodore R. Kupferman, David Ross, Bentley Kassal, Betty Weinberg Ellerin, and George Bundy Smith are Justices of the Supreme Court for the State of New York, Appellate Division, First Department.

Defendants Lawrence J. Bracken, Isaac Rubin, Stanley Hardwood, Albert M. Rosenblatt and Sondra Miller are Justices of the Supreme Court of the State of New York, Appellate Division, Second Department.

Defendants Sol Wachtler, Richard D. Simons, Judith S. Kaye, Fritz W. Alexander II, Vito J. Titone, Stewart F. Hancock and Joseph W. Bellacosa are Judges of the Court of Appeals for the State of New York.

*Prior Proceedings*

On September 5, 1990, the NAP commenced this action, bringing an order to show cause seeking to enjoin the Democratic Primary election (the "Election") to

be held on September 11, 1990 under 42 U.S.C. §§ 1981, 1983, and 1985, as well as under 42 U.S.C. § 1973. The complaint alleged that the Board of Elections as well as the other defendants, acting under color of state law, conspired to deny the NAP a place on the New York Democratic Primary Ballot.

At oral argument on September 10, 1990, the return date of the order to show cause, the court dismissed the NAP's action in an oral ruling.

On November 7, 1990, Friedman filed this motion for attorneys' fees. The NAP filed its opposition papers on January 18, 1991, and the motion was considered submitted as of January 25, 1991.

*The Facts*

This action arose out of NAP's attempt to place NAP supported candidates Ernest Foster, Robert Hunter, Mendez, and Jose Diaz on the Democratic ballot in the Election by challenging the designating petitions of Foster, Hunter, Mendez, Sandra Love and Jose Diaz. The Board validated the petitions of all the candidates except Love.

Osterman removed Mendez on the grounds that he did not meet the necessary residency requirements and removed Jose Diaz from the ballot based on a finding of improper substitution of one subscribing witness for another.

Eggert affirmed Osterman's findings, which decision was in turn upheld by the Appellate Division, First Department. The Court of Appeals denied permission to appeal.

Kramer issued a ruling removing Foster from the ballot, finding that he was not a New York resident. Vinik issued a ruling removing Hunter from the ballot based on a finding of fraud. The Appellate Division, Second Department, affirmed this finding. The Court of Appeals denied both Hunter and Foster leave to appeal.

*Discussion*

Under the traditional "American Rule" governing the allocation of the costs of litigation, the parties pay for their respective counsel's fees, regardless of the outcome of the action. *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 252 (2d Cir.1985), citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc.,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616–17, 44 L.Ed.2d 141 (1975). Recently, however, Congress has enacted several exceptions to the traditional rule; among these exceptions is the Civil Rights Attorney's Fees Act of 1976, codified at 42 U.S.C. § 1988.

A. Attorney's Fees Pursuant to 42 U.S.C. § 1988

Section 1988 provides that:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985 and 1986 of this title, title IX of Public Law 92–318, or title VI of the Civil Rights Act of 1964, the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

■ The Supreme Court has, however, limited the circumstances in which a prevailing *defendant* in a civil rights action can recover attorney's fees to those cases where "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978) (construing a similarly worded fee statute, 42 U.S.C. § 2000a–3(b) in a Title VII action).

The Second Circuit applied the *Christiansburg Garment* standard expressly to § 1988 in *Eastway Const. Corp. v. City of New York,* 762 F.2d at 252. The basis of the § 1983 claim in *Eastway* was the City's alleged refusal to allow the plaintiff construction company to participate in City-sponsored redevelopment projects. The district court granted defendant's motion for summary judgment, but denied its motion for attorney's fees pursuant to § 1988. The Court of Appeals reversed the district court's denial of attorney's fees, holding that plaintiff's claim was unreasonable within the standards set forth by the Supreme Court where the plaintiff could not point to a deprivation of any single right conferred by the Constitution and had al-

ready challenged the City's policy in the state courts.

■ In the instant case, as in *Eastway*, the state courts had already ruled on the alleged attempts to exclude NAP from the ballot. Moreover, in its complaint before this court, NAP did not allege that it had sought to bring its First and Fourteenth Amendment conspiracy claims to the attention of the state courts, but had been denied the opportunity to present them there. Nor did NAP allege that the state proceedings violated due process. With respect to Friedman in particular, NAP made no allegations beyond the assertion that he had a role in the decision to challenge the petitions of the NAP-sponsored candidates.

In short, NAP did not claim that it did not get a fair hearing and an opportunity to present its evidence in the state proceedings; rather, it alleges that the state proceedings decided the issues incorrectly on the basis of the evidence presented. The fact that a court dismissed the complaint is not in itself sufficient grounds for a prevailing defendant to recover attorney's fees. *See Christiansburg Garment*, 434 U.S. at 421–422, 98 S.Ct. at 700–01. Where, however, as here, NAP alleges nothing more than the referee's and the state courts' failure to make findings of fact in its favor, and alleges only the most tenuous connection between Friedman's actions and NAP's treatment in the state courts, such complaint falls within the applicable standards of an unreasonable claim for § 1988 purposes.

### B. Rule 11 Sanctions

A court shall impose Rule 11 sanctions against an attorney or his client when it appears that a pleading has been imposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

Friedman again cites *Eastway* for the proposition that where a claim has already been litigated in state proceedings, a court may impose Rule 11 sanctions on an attorney or client bringing the same proceedings in Federal Court. In *Eastway*, the Second Circuit imposed Rule 11 sanctions based only on its finding that the plaintiff's antitrust claim, and not the § 1983 claim, was not well-grounded in fact. However, the conclusion stated above with respect to the § 1988 award applies equally to Rule 11 sanctions. Nonetheless, the award of attorney's fees constitutes an adequate Rule 11 deterrent.

No challenge has been made as to the reasonableness of Friedman's fees.

### Conclusion

For the reasons set forth above, Friedman's motion for attorney's fees in the amount of $5,000 pursuant to 42 U.S.C. § 1988 is granted. The motion for Rule 11 sanctions is denied.

It is so ordered.